UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN GREEN,

**DOCKET NO.: CV-18-4248**

Plaintiff,

**COMPLAINT**

-*against*-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE
DEPARTMENT OFFICERS "JOHN DOES" 1-10,
VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD POLICE DEPARTMENT and POLICE
OFFICER ROBERT FRANK and POLICE OFFICER
VITO BUCCELLATO, in their official and individual
capacities,

Defendants.

*JURY TRIAL IS DEMANDED*

**PLAINTIFF**, by and through his attorneys, The Law Offices of Frederick K. Brewington,

as and for his Complaint as of right against the Defendants, respectfully sets forth:

## INTRODUCTION

1.      This is an action for money damages against COUNTY OF NASSAU, NASSAU

COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT OFFICERS

"JOHN DOES" 1-10, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE

DEPARTMENT and HEMPSTEAD VILLAGE POLICE OFFICERS FRANK and BUCCELLATO

(Hereinafter, together, referred to as "HPD OFFICERS" or "Police Officers"), in their official and

individual capacities, for committing acts under color of the law, depriving Plaintiff of rights secured

by the Constitution and laws of the United States and State of New York, as well as infliction of

emotional distress, unreasonable, excessive and unnecessary use of force, abuse of process,

fabrication of evidence, and abused, assaulted, battered, harassed, shot, detained, imprisoned,

arrested, illegally seized and searched, and maliciously prosecuted Mr. John Green (hereinafter

"PLAINTIFF" or "Mr. Green"), all in violation of 42 U.S.C. §1983 and related State laws as stated herein.

2.      Upon information and belief, Defendant Village of Hempstead Police Department OFFICERS harassed, assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause discharged a firearm into the vehicle of the plaintiff striking plaintiff in the leg, causing physical damage, emotional distress and fear and other harm and extreme pain and suffering, in violation of Plaintiff's Constitutional and Civil Rights.

3.      Upon information and belief, Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT OFFICERS "JOHN DOES" 1-10, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and HPD OFFICERS FRANK and BUCCELLATO their agents and employees, who are known by name to the People and the Police, wrote and gave false statements and testimony; provided false police reports, tampered with evidence, placed false evidence at the crime scene, intimidated eye-witnesses, intimidated Plaintiff and his family, falsely arrested Mr. Green, falsely accused Mr. Green of crimes which he did not commit, falsely prosecuted Mr. Green, subjected Mr. Green to a malicious criminal process, abused process, wrote and submitted false investigations/reports and/or provided false information in furtherance of an official investigation into the incident, and slandered Mr. Green in the media and in the community at large.

4.      Upon information and belief, defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT OFFICERS "JOHN DOES" 1-10, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and HPD Officers FRANK and BUCCELLATO subjected Mr. Green to additional

2

physical/mental/psychological torture while in custody at the hospital, as Mr. Green was being treated and/or was recovering from his serious injuries.

5.     Upon information and belief, defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT OFFICERS "JOHN DOES" 1-10, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT misuse of arrest, filing of false charges, and malicious prosecution of Mr. Green violated Plaintiff's Constitutional and Civil Rights.

## JURISDICTION AND VENUE

6.     This action is brought pursuant to 42 U.S.C. §1983, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide any and all claims arising under State law.

7.     Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal Law §50 et. seq. and CPLR §215 as against each municipal Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same. Plaintiff has complied with his obligations under the General Municipal Law as he has been ready and willing to appear for such a hearing but same has been adjourned by Defendant Village of Hempstead more than once.

8.     Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

3

## PARTIES

9.     During all times mentioned in this complaint, Plaintiff, JOHN GREEN is a 26- year old African-American, Black, male, United States citizen, born on December 14th, 1989, currently residing in the Village of Hempstead, County of Nassau and having resided in the Village of Hempstead, County of Nassau at the time of the incident herein.

10.     During all times mentioned in this Complaint, Defendant COUNTY OF NASSAU (Hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York.

11.     During all times mentioned in this complaint, Defendant NASSAU COUNTY POLICE DEPARTMENT (Hereinafter "NCPD") was and is an agency of the County.

12.     During all times mentioned in this complaint the Defendants NASSAU COUNTY POLICE DEPARTMENT OFFICERS "JOHN DOES" 1-10 (Hereinafter "NCPD Officers"), all of whose names are known to the County and Police Department, were police officers in the County Police Department acting in their official and individual capacities and were employed by the County acting under the direction of Defendants County and NCPD, and are sued herein individually and in their official capacities.

13.     During all times mentioned in this complaint, Defendant VILLAGE OF HEMPSTEAD (Hereinafter "Village") is a village of the County and a duly constituted municipal corporation of the State of New York.

14.     During all times mentioned in this complaint, Defendant HEMPSTEAD VILLAGE POLICE DEPARTMENT (Hereinafter "HPD") is an agent of County and VILLAGE OF HEMPSTEAD.

4

15.     During all times mentioned in this Complaint, Defendants POLICE OFFICERS ROBERT FRANK (Hereinafter "Frank") AND VITO BUCCELLATO (Hereinafter "Buccellato") (Hereinafter together "HPD OFFICERS") were at all times herein mentioned police officers, employed by the VILLAGE  under the direction of Defendant VILLAGE OF HEMPSTEAD, the HPD OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York. HPD OFFICERS are state actors.

16.     During all times stated herein, and upon information and belief, Defendant HPD OFFICER ROBERT FRANK serial number 1258, is a male police officer and employed by the VILLAGE under the direction of the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York. Defendant HPD OFFICER FRANK is being sued in his individual and official capacities.

17.     During all times stated herein, and upon information and belief, Defendant HPD OFFICER VITO BUCCELLATO serial number 1234, is a male police officer and employed by the VILLAGE under the direction of the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York. Defendant HPD OFFICER BUCCELLATO is being sued in his individual and official capacities.

5

18.    During all times mentioned in this Complaint, Defendants, each of them, were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Nassau.

19.    During all times mentioned in this Complaint, Defendants, each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which the officers may appropriately and legally engage in the course of protecting persons, property, or ensure civil order.

20.    During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff; each of the Defendants failed and refused to perform that duty and failed and refused to restrain the other Defendants, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon the Plaintiff.

21.    During all times mentioned in this Complaint, Defendants COUNTY, NCPD, VILLAGE OF HEMPSTEAD, and HEMPSTEAD VILLAGE POLICE DEPARTMENT had the power and the duty to conduct a full and fair investigation of the HPD OFFICERS and the NCPD Officers. The Defendants failed to timely and sufficiently investigate the actions of the HPD OFFICERS and NCPD Officers as stated herein.

## STATEMENT OF FACTS

22.    Defendants have engaged in serious and unlawful conduct in violation of Plaintiff's Constitutional and Civil Rights which caused serious injuries, both psychological and physical to

6

Mr. Green.

23.     On May 15, 2017 at or about 1:30 a.m., Mr. Green was driving with two passengers from the BP gas station back to his home located on 105 Harvard St. in the Village of Hempstead, County of Nassau.

24.     Plaintiff made a left turn at the light from the gas station, after Plaintiff made the legal left turn HPD OFFICERS FRANK and BUCCELLATO began following Plaintiff for approximately five minutes in their police car.

25.     After the passage of the approximately five minutes of following, the HPD OFFICERS activated their police lights on their car. Not sure what the lights were for, Plaintiff continued driving at a normal rate of speed for a few blocks and then made a left turn on Harvard Street towards his home.

26.     Plaintiff eventually arrived in front of 105 Harvard St., and stopped the car in front of his home, then a female passenger exited the vehicle. Only two individuals were in the car at this point. Plaintiff was in the drivers seat, and another female passenger was in the back seat.

27.     HPD OFFICERS FRANK and BUCCELLATO followed Plaintiff back to his home, and once Plaintiff had stopped his vehicle, the officers stopped their car and both Officers exited with their guns already drawn and pointed toward Mr. Green, and then without any legal justification approached Mr. Green yelling and screaming in a violent manner.

28.     Both HPD OFFICERS FRANK and BUCCELLATO began yelling conflicting commands at Mr. Green, including but not limited to, "Get out of the fucking car!" and then yelled "Put your hands up!" at Mr. Green, causing Mr. Green to feel unsafe, scared, and confused.

7

29.     Mr. Green attempted to comply with the officers threatening demands, Plaintiff made sure the car was in park and made no sudden movements, no furtive movements, nor did he threaten the Officers with any vocal challenge or assaultive behavior of any kind, at all times Mr. Green's hands were in view for the Officers.

30.     HPD OFFICER ROBERT FRANK, in disregard of Plaintiff's compliance, without cause of any kind, used deadly force and shot at Mr. Green striking Mr. Green in the left leg without justification, excuse, or warning.  The gunshot wounds inflicted serious and painful permanent injuries to Mr. Green, placing him in fear for his life and experiencing a felling of imminent death.

31.     HPD OFFICER VITO BUCCELLATO watched the unjustified shooting on Mr. Green and, despite having the opportunity to prevent the abuse, did nothing to intervene. In fact, encouraged HPD OFFICER ROBERT FRANK to do so, in callous disregard of Mr. Green's life, by failing to prevent HPD OFFICER ROBERT FRANK from shooting Mr. Green.

32.     After being shot, Mr. Green felt a hot burning sensation in his left thigh, Mr. Green then audibly said to himself in panic "Oh shit he shot me!"

33.     Because of the Officers unlawful and unreasonable use of deadly force, Mr. Green's immediate concern for his life and imminent fear of death, he fled  to seek safety.

34.     Because of the painful gunshot wound and Plaintiff's state of panic, Mr. Green was controlled by fear and unable to think or reason about what occurred.

35.     The HPD OFFICERS followed Plaintiff for a short time down the block and did not pursue or follow Mr. Green any further.

36.     Afraid for his life, Mr. Green suffered pain and fear for a day and a half. Mr. Green was in need of medical treatment for the gunshot injury inflicted by the HPD OFFICERS. Mr. Green

8

did not know who in authority to trust and he informed his parole officer, Ms. Collins, on May 17, 2018 that he feared for his life and that he had been shot on May 15, 2017. He followed the instructions of Ms. Collins and Mr. Green was then taken to the hospital by his parole officer on May 18, 2017.

37.     After taking Plaintiff to the Nassau University Medical Center (Hereinafter NUMC), Plaintiff's Parole officer informed NASSAU COUNTY POLICE DEPARTMENT that Mr. Green was in the hospital; the NCPD promised the Parole officer they would not arrest Plaintiff.

38.     While at the hospital, Mr. Green was being treated for his gunshot injury when the NCPD Officers appeared at the hospital.

39.     Mr. Green was immediately arrested and met with aggression and hostility by the NCPD Officers. NCPD cuffed Mr. Green to the bed he was laying on only exacerbating the discomfort and emotional torture Mr. Green was suffering since his wrongful treatment on May 15, 2017 at the hands of HPD OFFICERS.

40.     NCPD Officers falsely detained Mr. Green with no cause, for a time period of, upon information and belief, the whole day. The officers only amplified the physical pain and emotional distress Mr. Green was going through by wrongfully detaining him. There was no explanation offered by Defendants as to why he was being detained.

41.     Further revealing the unlawfulness of the NCPD's behavior: the NCPD Officers, in direct violation of Mr. Green's Constitutional and Civil Rights, deprived Mr. Green of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by coercing Plaintiff to waive his Miranda Rights while in duress, extreme pain, and fear for his life before questioning, and obtaining statements from him without benefit of counsel.

9

42.     Upon information and belief, The NCPD Officers were making offensive comments about a potential lawsuit rising from the actions done thus far against Plaintiff by HPD OFFICERS and NCPD.

43.     After being falsely detained, Plaintiff was then taken to the Nassau County Police third precinct and wrongfully detained until Plaintiff was released on a Desk Appearance Ticket returnable on June 1, 2017.

44.     Mr. Green left the precinct on foot and began walking home, all while with a gunshot wound in his leg. While Mr. Green was walking home, he was stopped by NCPD and informed he had forgotten to sign papers. Mr. Green was subsequently brought back to the Third Precinct under false pretenses and then held for what he was then told was a parole violation now being lodged against him.

45.     After waiting for some period of time, officers from the Hempstead Village Police Department arrived at the Third precinct and brought Mr. Green back to the Nassau University Medical Center. Mr. Green was in fear for his life again.

46.     After being taken to the hospital, Plaintiff was charged with the meritless and baseless charges of Unlawful Fleeing a Police Officer in the Third Degree, and Leaving the Scene of an Incident without Reporting, along with a myriad of other baseless traffic infraction charges. Plaintiff was arraigned on June 5, 2017 and made bail for the set amount of $2,500.

47.     Defendant officers and the District Attorneys office knew or had reason to believe that the charges were false and baseless.

10

48. The People filed superceding information on October 13, 2017 to the Court for the charges of PL § 270.25, Unlawful Fleeing a Police Officer in the Third Degree, and VTL § 600.1, Leaving the Scene of an Incident without Reporting.

49. Plaintiff was then re-arraigned on November 8, 2017 on the resubmitted charges of PL § 270.25, Unlawful Fleeing a Police Officer in the Third Degree, and VTL § 600.1, Leaving the Scene of an Incident without Reporting based upon the superceding information.

50. The baseless charges of PL § 270.25, Unlawful Fleeing a Police Officer in the Third Degree, and VTL § 600.1, Leaving the Scene of an Incident without Reporting based upon the superceding information were ultimately dismissed in a decision dated December 13, 2017 by Honorable Judge Valerie J. Alexander because of factual and jurisdictional insufficiency of the charges.

51. At the time of the filing of this complaint the criminal case is being prosecuted and Plaintiff has been deprived of his liberty and must appear in court.

52. The false charges were malicious and intended to abuse criminal legal process to mask the wrongful, improper, abusive and violent actions taken against Plaintiff by COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NCPD OFFICERS, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, and HPD OFFICERS FRANK and BUCCELLATO.

53. As a result of improper, vindictive and false allegations and abuses leveled against Plaintiff he has been subjected to false arrest, malicious prosecution, abuse of process, excessive force, and the fabrication of evidence by Defendants.

11

54.     As a result of the excessive, unnecessary, unlawful, and deadly force used by Defendant HPD OFFICERS, all of which constituted extreme and outrageous conduct, Mr. Green suffered and continues to suffer severe and extreme physical and emotional harm.

55.     There was no reason or basis for drawing and discharging a gun on Plaintiff as part of what was a traffic stop, or any reasonable basis to falsely charge Mr. Green with misdemeanor offenses.

56.     Plaintiff made no physical motions, took no actions, showed no aggression and demonstrated no furtive movements to raise any suspicion to cause a reasonable officer to draw his firearm, and no less to discharge the firearm into Plaintiff's car striking Plaintiff in his leg.

57.     Plaintiff continues to suffer emotionally and physically. Mr. Green's civil rights were violated, he suffered permanent and painful physical damages and injuries including but not limited to personal injuries to his body and mind, unnecessary and unwanted pain and suffering, permanent damage to reputation and standing in the community, humiliation, embarrassment, general fear, fear for his life, loss of comfort and peace. He has been and continues to suffer from physical and psychological damages and injuries caused by the actions of Defendants all of which affects his ability to function as he did before the incident.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

58.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 57 of this Complaint with the same force and effect as though fully set forth herein.

59.     Plaintiff was never accused of or charged with having engaged in conduct which included any force, threat of force or attempt to resist any actions or directions of the Defendants.

12

Defendants' wrongful conduct illustrated the Defendants' predisposition to abuse, use unbridled deadly and unnecessary force to assault the Plaintiff, with the intent of causing serious and permanent injury.

60.     The handling and discharge of a firearm towards Plaintiff striking Plaintiff by Defendants COUNTY, and HPD OFFICERS FRANK and BUCCELLATO, constituted unreasonable and excessive use of force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty. This summary punishment, threat and use of deadly force and wrongful seizure was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution.  In doing so, the Defendants violated clearly established law and the rights to which Mr. Green was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

61.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

62.     As a direct result of said acts, Plaintiff has suffered and continues to suffer severe psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

63.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable

injury and monetary damages in excess of FIVE MILLION ($5,000,000.00 ) DOLLARS, as well as

punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. §1983 - ABUSE OF PROCESS AND**
**MALICIOUS PROSECUTION**

64.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1

though 63 of this Complaint with the same force and effect as though fully set forth herein.

65.     Defendants' were clearly engaged in the improper exercise of their police power, the

resources of government, use of excessive and unreasonable force, as well as an abuse of process.

66.     That the assault, battery, excessive and unreasonable use of force, and violation of

Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same

were a clear and intentional abuse of process causing Plaintiff severe damage.

67.     As a result of said abuse of process, Plaintiff has suffered continued emotional damage,

including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his

incurring of attorney fees.

68.     Defendants maliciously caused a criminal proceeding for the charges of Unlawful

Fleeing a Police Officer and Leaving the Scene of an Incident Without Reporting, which were ultimately

dismissed,  to be commenced against Plaintiff without reasonable and probable cause.  Defendants HPD

OFFICERS FRANK AND BUCCELLATO actively instigated and encouraged the baseless prosecution

of the Plaintiff. Plaintiff was charged based upon COUNTY OF NASSAU, NASSAU COUNTY

POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE

DEPARTMENT and HPD OFFICERS' malicious and false statements and false documents. As a result

14

of this baseless prosecution and abuse of process, Plaintiff was falsely detained, wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted.

69.     The false detainment, wrongful arrest, coercing Plaintiff to waive his Miranda rights before he was wrongfully detained, questioned, and statements were unlawfully obtained from him, denying Plaintiff the opportunity to attain Counsel before initial questioning at NUMC, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NCPD Officers, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and HPD OFFICERS FRANK AND BUCCELLATO constituted unreasonable and excessive force by police officers and the district attorney, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights.  The Defendants HPD OFFICERS FRANK AND BUCCELLATO  negligently and recklessly breached their duty under the United States Constitution to prevent the commission of the civil rights violations perpetrated against JOHN GREEN, including violations of 42 U.S.C. §1983, and substantive and procedural due process infractions.

70.     Defendants individually and collectively knew at the time of the Plaintiff's arrest and at all times since then that the Plaintiff was falsely accused of the criminal activity alleged and the Plaintiff's detainment was based solely, or in part on NCPD Officers, Officer Buccellato and Officer Frank's motive or intent to cover-up their unlawful behavior, unwarranted use of their authority, excessive use of force upon Plaintiff, and the unjustified use of deadly force upon Mr. Green.

71.     Said baseless prosecution and abuse of process was and is being continued by the COUNTY OF NASSAU COUNTY POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD,

15

VILLAGE OF HEMPSTEAD POLICE DEPARTMENT'S refusal to adequately investigate and properly discipline the Defendants, HPD OFFICERS FRANK AND BUCCELLATO, for their actions against the Plaintiff JOHN GREEN. Specifically, the COUNTY failed to investigate and verify the veracity of the Plaintiff's claims, despite the lack of any significant hearing or consideration by the District Attorney's office for the substantial evidence supporting JOHN GREENS' Complaint-- such evidence including eye witnesses, consistent testimony, and the blatant lack of any probable cause for wrongly stopping, detaining and arresting, prosecuting and imprisoning JOHN GREEN.

72.     The continued action taken by the Defendants HPD OFFICERS FRANK AND BUCCELLATO, to prosecute, persecute and fully inconvenience the Plaintiff JOHN GREEN with false criminal charges is an abuse of process, which serves the only purpose of escaping reparations needing to be made and punishment for the unlawful shooting upon Mr. Green and the unlawful detainment of Plaintiff. In that using the courts and judicial process to persecute, intimidate, inconvenience and further damage the Plaintiff JOHN GREEN, despite no significant evidence for prosecuting the baseless charges and a complete absence of reasonable or probable cause.

73.     As a result of said baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, loss of freedom, lost business opportunities, and other expenses incurred in the attempt to clear the Plaintiff JOHN GREEN from these false and maliciously imposed criminal charges.

74.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace,

16

public humiliation and embarrassment was prevented from attending his work and business for a long time, was deprived his Constitutional rights and has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. §1983 - FALSE ARREST and**
**FALSE IMPRISONMENT**

75.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 74 of this complaint with the same force and effect as fully set forth herein.

76.     The Defendants NASSAU COUNTY POLICE DEPARTMENT, NCPD OFFICERS VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, AND HPD OFFICERS FRANK and BUCCELLATO lacked any probable cause to stop, hold and detain the Plaintiff JOHN GREEN in custody for any period of time, no less the prolonged period of custody at the 3rd Police Precinct and the Nassau County Correctional Center.

77.     Without such probable cause, Defendants NCPD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and HPD OFFICERS FRANK and BUCCELLATO conspired to and wrongfully detained the Plaintiff JOHN GREEN at NUMC, in the back of a police car, at the police precinct, at the Headquarters, and at the jail, denied Plaintiff his freedom for a period of time exceeding a day. During said time, Plaintiff was physically prevented from leaving the custody of police, in that he was handcuffed and surrounded by officers in a police precinct, and kept there under the supervision and knowledge of the Police.

78.     As a result of said false arrest and false imprisonment, Plaintiff suffered and now continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely arresting and imprisoning JOHN GREEN

17

and requiring him to face false charges.

79.    By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE Million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 - FABRICATION OF EVIDENCE

80.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 79 of this compliant with the same force and effect as fully set forth herein.

81.    Defendants COUNTY, and HPD OFFICERS fabricated evidence against Plaintiff to deprive Plaintiff, a United States citizen, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully strike fear and threaten to brutalize Plaintiff.

82.    Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully use force and covering up the use of force including the discharge of a firearm and abuse of Plaintiff, without reason or justification, rule of law, and by further denying Plaintiff his 5th Amendment rights. In an attempt to justify an obvious and otherwise unlawful and unjustified shooting, false police reports were created ignoring the significant fact of why and how a bullet was discharged into Plaintiff, causing Plaintiff to suffer and continuing to suffer severe physical and emotional harm.

83.    Upon information and belief, the individual HPD OFFICERS were acting in their personal interests, wholly and separately from the Defendant COUNTY. The HPD OFFICERS actions were taken separate and apart from their duties to arrest and prosecute suspected criminals.

84.     In an effort to cover-up their wrongdoing, the officers along with other members and or officers of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and Police Officers FRANK and BUCCELLATO their agents and employees, who are known by name to the People and the Police, wrote and gave false statements and testimony; provided false police reports, tampered with evidence, placed false evidence at the crime scene, intimidated eye-witnesses, intimidated Plaintiff and his family, unlawfully detained Mr. Green, falsely accused Mr. Green of crimes which he did not commit, falsely prosecuted Mr. Green, subjected Mr. Green to a malicious criminal process, abuse of process, wrote and submitted false investigations/reports and/or provided false information in furtherance of an official investigation into the incident, and slandered Mr. Green in the media and in the community at large.

85.     The actions by Defendants denied the Plaintiff his due process and equal protection under the law. All of these rights are guaranteed to the Plaintiff under U.S.C. § 1983, and the 4th, 5th, and 14th Amendments to the United States Constitution.

86.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

87.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional

19

and psychological trauma as alleged in the preceding paragraphs of the within complaint.

88.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. §1983 - FAILURE TO INTERVENE

89.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 88 of this Complaint with the same force and effect as though fully set forth herein.

90.     The Defendant HPD OFFICER VITO BUCCELLATO had a reasonable opportunity to intervene to prevent the deprivation of Mr. Green's constitutional rights, but failed to do so wantonly.

91.     In failing to intervene, the Defendant OFFICER BUCCELLATO violated his clearly established constitutional duty under 42 U.S.C. § 1983 to prevent the use of unlawful, and unjustified deadly excessive force against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

92.     The plaintiff contends that Defendant Officer Buccellato was present when Plaintiff was subjected to an unlawful and deadly use of excessive force by Officer Frank, and that Officer Buccellato made no effort to stop the unlawful shooting.

93.     All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their

presence.

94.     Officer Buccellato failed to intercede and failed to prevent a harm caused by the actions of Officer Frank, and that Officer Buccellato observed and had reason to know that excessive force was being used against Mr. Green.

95.     Officer Buccellato had a realistic opportunity to prevent the harm from occurring, in that he had sufficient time to intercede and the capability to prevent the harm and the violations of the plaintiff's constitutional rights.

96.     OFFICER BUCCELLATO'S misconduct directly and proximately resulted in the unjust and wrongful use of excessive force against Plaintiff, denying Plaintiff his constitutional right to be free from excessive use of force, and in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

97.     Defendants COUNTY and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT'S refusal to discipline the Defendant Officers, Officer Frank and Officer Buccellato for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's right to compensation under 42 U.S.C § 1983, with such violations occurring as a result of said officers being improperly cleared of any wrongdoing.

98.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and wantonly, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

99.     As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional

21

and psychological trauma as alleged in the preceding paragraphs of the within complaint.

100.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**42 U.S.C. §1983 - MUNICIPAL LIABILITY**

101.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 100 of this Complaint with the same force and effect as though fully set forth herein.

102.   Prior to May 15, 2017 and since, VILLAGE has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, beatings, and uses of weapons by police officers of the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT. This is especially true in certain portions of the VILLAGE, especially with persons who are African-American. Although such abuse of authority, illegal use of force, and use of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper. As a result, HPD OFFICERS within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the VILLAGE.

103.   Examples of this fact of abuse of process, excessive use of force, unjustified use of deadly force, improper use of firearms, and brutality include but are not limited to:

- Ronel Danzy,

- Jarette Anderson,

- Shuayab Greenaway,

- Juwan Keller,

- Reina Carrillos,

- Troy Pittman,

- Lawrence Critelli,

- Darlene F. Homere,

- Gerald Jean–Baptiste,

- Cregory Cole,

- Dorin Getlin; and

- Plaintiff in this instant Complaint, John Green.

104.    In addition to permitting a pattern and practice of improper beatings, excessive force, and abuses in the VILLAGE, the VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, false arrests, and excessive use of force by police officers.

105.    The VILLAGE has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, abuse authority, use excessive force, and abuse civilians, and the VILLAGE has failed to find that civilian complaints made against police officers are founded or valid in anyway. Therefore the VILLAGE is liable under 42 U.S.C. §1983 because the VILLAGE has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the

23

United State Constitution. Because of the VILLAGE, and the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

106.    The VILLAGE, and VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, and brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, to closer supervision, or restraint, to the extent that it has become the custom of the VILLAGE  to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

107.    Further, the VILLAGE, and VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  The VILLAGE, and VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Nassau for presentation to the Grand Jury.

108.    Upon information and belief, specific systemic flaws in the VILLAGE use of force, brutality review process include, but are not limited to, the following:

a.  Preparing reports regarding investigations of beatings, excessive force and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.  Police officers investigating beatings and use of excessive force and systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.  Justifying the wrongful and improper discharge of fire arms.

d.  Police officers investigating beatings and excessive force fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

e.  Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

f.  Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

109.  The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

110. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

111. As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

112. That by reason of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of Five Million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A SEVENTH COUNT
### ASSAULT and BATTERY

113. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 112 of this Complaint with the same force and effect as though fully set forth herein.

114. Defendants VILLAGE and Officer Frank having illegally and unlawfully used deadly force, threatened the use of deadly force, shot into Plaintiff's car injuring his leg, abused, and physically mistreated Plaintiff violated the rights of the Plaintiff as well as the laws of the State of New York.

115. Defendant HPD OFFICERS wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure violent and deadly force used and

threatened and physical abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm, discomfort, pain and humiliation.

116.    Plaintiff was subjected to being fired upon, and physically abused against his will. Plaintiff committed no violation and/or act to justify or rationalize such illegal and unlawful conduct by the Defendant HPD OFFICERS.

117.    Defendant HPD OFFICERS did intentionally discharge a firearm into Plaintiff's person with no reason or legal authority to do so and did abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm and/or death, and subjected him to great pain and injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

118.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

119.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

120.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 119 of this Complaint with the same force and effect as though fully set forth herein.

121.    The VILLAGE and HPD OFFICERS FRANK and BUCCELLATO acted outrageously for their above-stated roles in the use of deadly force, wrongful stop, detainment, false arrest,  prolonged captivity, assault, battery, intimidation and public humiliation of the Plaintiff

122.    Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by COUNTY, VILLAGE, and HPD OFFICERS to be without basis, yet prosecuted Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff.

123.    The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

124.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

125.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants as follows:

a.     First Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

b.     Second Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

c.     Third Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

d.     Fourth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

e.     Fifth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

f.     Sixth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

g.     Seventh Count: in excess of five million ($5,000,000.00) dollars as well punitive damages, costs and attorney's fees.

h.     Eight Count: in excess of five million ($5,000,000.00) dollars as well punitive damages, costs and attorney's fees.

i.     Punitive damages in the amount of TEN MILLION ($10,000,000) DOLLARS.

j.     Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

k.     Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

l.     Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

m.     Award such other and further relief as this Court may deem appropriate

### *A JURY TRIAL IS HEREBY DEMANDED*

Dated:  Hempstead, New York
       July 26, 2018

Respectfully submitted,

THE LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____

FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

30